# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK THOMPSON, | : | Civil No. 3:17-CV-40 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | (Magistrate Judge Carlson) |
| BRIDON-AMERICAN CORP., | : | |
| Defendants | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case

This is an employment discrimination action. The plaintiff, Mark Thompson has alleged that he was terminated from his employment with Bridon solely because of his age in violation of his rights pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq*, ("Title VII") and the Pennsylvania Human Relations Act. (Doc. 1.)

The defendant has filed a motion for summary judgment in this case arguing that it is entitled to judgment as a matter of law on this age discrimination claim. (Doc. 38.) Thompson has responded to this motion for summary judgment by, *inter alia*, filing affidavits from two witnesses, John Lunski and Earl Jones who Thompson asserts support his claim of workplace age discrimination at Bridon.

1

(Doc. 46.) This submission by Thompson, in turn, inspired Bridon to move to strike the Lunski and Jones affidavits, alleging that preclusion of this evidence is an appropriate sanction under Rule 37 of the Federal Rules of Civil Procedure because the plaintiff never disclosed the identity of these witnesses in pre-trial discovery. (Docs. 50 and 51.) For his part, Thompson has responded to this motion to strike and preclude evidence in a straightforward fashion by noting that he had specifically identified Lunski and Jones as potential witnesses in his answers to Bridon's interrogatories and during the course of a deposition conducted by Bridon's counsel. (Doc. 53.)

On these facts, for the reasons set forth below, this motion to strike (Doc. 50), will be DENIED.

**II.** **Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

Rulings regarding the proper scope of discovery are "committed to the sound

discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Likewise it is well-settled that:

> The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam). . . . . While this standard of review is deferential, a district court abuses its discretion in imposing sanctions when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007).

This discretion is guided, however, by certain basic principles. For example, Rule 37 of the Federal Rules of Civil Procedure provides that: "If a party . . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," and specifies an array of available sanctions, which include preclusion of evidence and striking of pleadings. Fed. R. Civ. P. 37(b)(2)(A). Yet, while the sanction of exclusion of evidence is available as a remedy for discovery violations, it is also clear that:

> Courts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence. See In re TMI Litig., 922 F.Supp. 997, 1003–04 (M.D.Pa.1996); DiFlorio v. Nabisco Biscuit Co., 1995 WL 710592 at *2 (E.D.Pa. Nov. 13, 1995) ("Unfortunately, the courts of this circuit are not free to exercise the full range of sanctions

3

for discovery abuses authorized by the Rules."). The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony. See In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791–92 (3d Cir.1994), cert. denied, 513 U.S. 1190, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995); Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir.1977), overruled on other grounds, Goodman v. Lukens, 777 F.2d 113 (3d Cir.1985), aff'd, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir.1977). "[T]he exclusion of critical evidence is an 'extreme' sanction not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order...." Pennypack, 559 F.2d at 905 (citation omitted).

ABB Air Preheater, Inc. v. Regenerative Envtl. Equip. Co., 167 F.R.D. 668, 671–72 (D.N.J. 1996).

Recognizing the extreme nature of the sanction of preclusion of evidence as a remedy for alleged discovery infractions, we find that this motion to strike affidavits and preclude evidence fails for a simple reason: In our view the defendant has not shown that there was a culpable failure to disclose the identifies of Lunski and Jones as potential witnesses. Quite the contrary, it appears that the identities of these potential witnesses were disclosed to the defendant twice in the course of discovery. On these facts, there has been no sanctionable misconduct, and certainly no conduct which would warrant the preclusion of this evidence. The motion to strike will, therefore, be denied.

An appropriate order follows.

4

### III. Order

AND NOW, this 26th day of September, 2018, IT IS ORDERED that the defendant's Motion to Strike Affidavits (Doc. 50), is DENIED.[1]

                                            *S/Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge

---

[1] Having resolved this motion to strike, which defines the relevant evidence for consideration with respect to the pending summary judgment motion in this case, (Doc. 38), we will address that dispositive motion through a separate Report and Recommendation.